UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIEN VU,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, JESUS ROCHA, Acting Field Office, San Diego Field Office, and CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center,<br><br>Respondents. | No.  1:25-cv-01366-KES-SAB (HC)<br><br>ORDER APPOINTING COUNSEL<br><br>Doc. 4 |

Petitioner Hien Vu is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 3. This matter was transferred to this Court from the United States District Court for the Southern District of California on October 15, 2025. Docs. 7–8.

A review of the docket reflects that, before the matter was transferred, the Southern District of California granted petitioner's motion to appoint counsel and appointed the Federal Defenders of San Diego, Inc. Doc. 4. On October 6, 2025, the parties stipulated that the United States District Court for the Southern District of California lacked jurisdiction and that the matter should be transferred to this Court because petitioner is held at Golden State Annex, which is in the Eastern District of California. Doc. 6. That filing also included petitioner's unopposed request to relieve the Federal Defenders of San Diego from their representation of him and to

1

1  appoint Assistant Federal Defender Carolyn Wiggin of the Federal Defenders for the Eastern
2  District of California.  Doc. 6 at 3.  However, because the United States District Court for the
3  Southern District of California lacked jurisdiction over the matter, that court denied without
4  prejudice petitioner's request to appoint Ms. Wiggin as his attorney.  Doc. 7-1.

Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an impoverished habeas petitioner seeking relief under 28 U.S.C. § 2241 whenever the Court "determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B).  18 U.S.C. § 3006A(a)(2)(B).  In making this determination, "a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997) (citations omitted). Petitioner's declaration establishes that he does not have sufficient funds to hire a lawyer, *see* Doc. 1, Vu Decl. at ¶¶ 11–13, and a review of the petition and motion for temporary restraining order demonstrate that the claims are sufficiently complex, *see* Docs. 1, 3.

Accordingly, pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Court appoints Assistant Federal Defender Carolyn Wiggin to represent petitioner in this matter.

IT IS SO ORDERED.

Dated:     October 15, 2025

UNITED STATES DISTRICT JUDGE